MAURICE NEWTON et al., Copartners Doing Business under the Name of HALLGARTEN & Co., Plaintiffs, *v.* HUGO SIMON et al., Defendants.

Supreme Court, Special Term, New York County, March 6, 1947.

*Jerome M. Hirsch* for plaintiffs.

*Oskar Heitler* for Margret Kainer and another, defendants.

SHIENTAG, J. By an order of the court an application under section 287-a of the Civil Practice Act for leave to issue a summons and to serve a verified complaint against the defend-

ants claiming to be adverse claimants to certain specific personal property held within the State of New York was granted ex parte. The complaint served under this order stated that the plaintiff brokers held in their possession in an account in the name of Hugo Simon a credit balance of approximately $10,500 resulting from the sale of certain securities and obligations for said account. The complaint went on to state that Hugo Simon and Margret Kainer and Ludwig Kainer had asserted claims to the credit balance, which claims are held adverse. The pleader continued that the plaintiffs have no beneficial interest in the credit balance and that the plaintiffs ask to be permitted to deliver the said specific personal property to the court, to await final determination of the action and/or that plaintiffs be permitted to retain such specific personal property to the credit of the action until final judgment has been entered, to be disposed of in accordance with such final judgment, and that upon such delivery to the court or in accordance with the final judgment in the action the plaintiffs be discharged from further liability to any of the parties thereto.

Section 287-a provides for an interpleader where any person within this State holds " specific personal property, including certificates of stock, bonds, notes or other securities or obligations exceeding fifty dollars in value, the title to the whole or any part of which, or any right or interest therein or lien thereon, shall be asserted, in whole or in part, by adverse claimants   *   *   *."

Section 287-d (subd. 3) provides that a person so delivering or retaining the said specific personal property " shall be discharged from any liability to any of the parties to the action with respect to the said specific personal property and with respect to any damages for having detained the same   *   *   *."

The affidavit on which the interpleader order in this case was issued made the following statement of facts: " 7. Prior to November 23, 1936, defendant Margret Kainer maintained in her name with Hallgarten & Co. an account in her name comprising certain securities and obligations. On or about November 23, 1936, said Margret Kainer directed Hallgarten & Co. that said account, and certain obligations and securities then comprising said account, be transferred to defendant Hugo Simon. Said account was thereupon transferred by Hallgarten & Co. on its books to the name of Hugo Simon on or about November 23, 1936. In May, 1941, said Hugo Simon directed Hallgarten & Co. to sell all the securities and obligations then

comprising said account, and to credit his account with the proceeds thereof. In accordance with such instructions Hallgarten & Co. sold all of said securities and obligations. As a result of said sales, there was a credit balance of approximately $12,000. in said account. Thereafter, on each of two occasions, Hallgarten & Co. paid $1,000 to said Hugo Simon at his request and direction.

"Plaintiffs now have in their possession in the County of New York, State of New York, an account in the name of Hugo Simon containing a credit balance of approximately $10,500."

The affidavit also states that on June 2, 1941, Margret and Ludwig Kainer cabled from Marseilles referring to Hallgarten's letters of September 22, 1938, and January 11, 1941, which cable warned Hallgarten that the Hugo Simon account was a trustee account in favor of the Kainers and asking them to seize that account and stating that plaintiffs would be held responsible for all consequences in case it executed unauthorized orders by assignment.

On this state of facts the defendants answered denying the allegations of the fifth paragraph of the complaint which states that plaintiffs cannot determine the rights of such claimants without prejudice to themselves and pleaded, by way of affirmative allegation as required by section 287-a, that the account in the name of Hugo Simon is maintained by him only in the capacity of a fiduciary for the defendant Kainer who is and always has been the true owner of all the property involved in the account. By way of counterclaim the Kainers state what securities were in the account in 1936 when they were transferred to Simon under an agreement that Simon was to hold the securities for Margret Kainer for a temporary period and on request would transfer the securities to her designee and that during the period when Simon held the account he would not have right or authority to make any changes in the account and that he would transfer the earnings thereof to a designee.

It is further alleged that Hallgarten & Co., the plaintiffs, were duly informed of all the terms of the agreement with Simon and that they wrongfully sold and disposed of the securities and converted to their use $250,000 and damages in that amount are demanded.

The plaintiffs have moved to strike out this counterclaim on the grounds that upon the deposit with the clerk of the balance of the account, they ceased to be parties to the action. Section

287-a provides that the deposit of the personal property as noted above, discharges only as to the personal property deposited. The section is silent as to the settlement of claims arising out of the deposit. The order itself, which permitted the deposit, discharged the plaintiffs from any and all liability to any of the parties " with respect to said personal property."

It obviously was not the purpose of the Legislature in passing section 287-a to permit a fiduciary to deposit a balance in court and be cleared of all liability for accounting for its actions. Under the new practice any counterclaim may be pleaded in an action which is properly started, and I see no difficulty in allowing the counterclaim here, under the circumstances. There is really only one issue and that is the authority of Simon to give orders concerning the account. It is true that the counterclaim is extraneous to the purpose of the plaintiffs in asking for an interpleader. It would, however, seem to be unnecessary circumlocution to require the plaintiffs to bring an action for an accounting when the only legitimate purpose that the plaintiffs could have had in paying this property into court was to have their account settled.

Motion to dismiss the counterclaim is denied.